IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DEERE INSURANCE COMPANY,
an Illinois Corporation,

      Plaintiff,

v.                                    Civil No. 98-0111 WWD/DJS

LAWRENCE BACHICHA d/b/a
LAWRENCE BACHICHA TRUCKING
COMPANY, a New Mexico Proprietorship,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Summary Judgment,

filed August 10, 1998 [#24-1].  Plaintiff, an insurer ("John Deere"), seeks a declaratory judgment

that it owes no duty to defend or indemnify Defendant, the insured, under the general liability

policy it issued.  Defendant Bachicha is being sued for damages in state court by Tomas Garcia, a

former employee, for personal injuries sustained while operating Bachicha's tractor-trailer

combination.[1]   Having reviewed the parties' briefs and applicable law, I find that Plaintiff's motion

is well-taken and that it should be granted.

## DISCUSSION

John Deere bases its position on language in the policy which excludes coverage for injuries

to or claims by employees of an insured.  It is not disputed that Tomas Garcia was Bachicha's

employee acting in the course of employment when the accident occurred.  It is also not disputed

---

[1]   John Deere is presently defending Bachicha in the underlying lawsuit with a full
reservation of rights.  Compl., ¶ 10.

that Defendant was not required to obtain and did not have workers' compensation insurance.[2]

The inquiry boils down to this question: does the general liability policy (the "policy")  issued by

John Deere to Bachicha apply to personal injury suits brought against Bachicha by an employee

who was acting within the course of employment even if the employee is not covered through

Workers' Compensation insurance?

*Legal Standard*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.  Gaylor v.

Does, et al., 105 F.3d 572, 574 (10th Cir. 1997); Fed.R.Civ.P. 56(c).   In applying this standard,

we examine the factual record and reasonable inferences therefrom in the light most favorable to

the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241

(10th Cir. 1990).

*I.  Effect of Workers' Compensation on Exclusion*

Unless ambiguous, provisions in an insurance policy are given their plain and ordinary

meaning.  N.M. Physicians Mutual Liability Co. v. LaMure, 116 N.M. 92, 95 (1993); C.R. Anthony

Co. v. Loretto Mall Partners, 112 N.M. 504, 509 (1991) (existence of ambiguity is  question of

law).  The policy issued to Bachicha contains exclusions for any obligations which the insured may

be liable for under any "workers' compensation, disability benefits or unemployment compensation

law. . . ."  Pltff's Mem., Ex. D at 4 (Truckers Coverage Form, Section II B3, Exclusions).  The

---

[2]   See N.M.Stat.Ann. 1990, § 52-1-6 (exempting employers who hire three or fewer
workers from workers' compensation laws requiring coverage).

policy also does not apply to:

bodily injury to:

> a.  An employee of the "insured" arising out of and in the course of employment by the "insured. . . ."

<u>Section II B4</u>.

The exclusion in the John Deere policy pertaining to bodily injury to employees is not ambiguous. It is not susceptible to different meanings, nor is that section in the policy structured illogically. See <u>Loretto Mall Partners</u>, 112 N.M. at 509 n. 2.  The language is clear in its intent to exclude a certain category of liability.  Nevertheless, Defendant argues that the policy's employee exclusions are not applicable where the employer is not required to carry workers' compensation and that the unavailability of workers' compensation insurance has the effect of invalidating this last provision.

Although no New Mexico case has addressed this particular fact pattern, other courts faced with the same issue have generally upheld the validity of employee exclusions in public liability policies where the employer was not required by state law to obtain workers' compensation insurance or where workers' compensation was otherwise not available.[3]   See <u>Truck Insurance Exchange v. Vassholz</u>, 839 S.W.2d 22, 23 (Mo.App.1992) (validity of employee exclusion from public liability coverage "does not depend on the presence or absence of actual workers compensation coverage"); <u>Ottumwa Housing Authority v. State Farm Fire and Cas. Co.</u>, 495 N.W.2d 723 (Iowa 1993) (employee exclusion provision in general liability policy applies regardless of whether employer has any liability under workers' compensation law to employee for

---

[3]  There appears to be no dispute that New Mexico law controls.  However, the only New Mexico case cited by the parties and the only New Mexico case which I have found to be related to the present issues, is not helpful because in that case, workers' compensation was available to the employee.  See <u>Chavez v. Pino</u>, 86 N.M. 464 (Ct.App. 1974).

bodily injury); Meridian Mut.Ins. Co. v. Wypij, 573 N.W.2d 320, 323 (Mich.Ct. App. 1997)

(employee exclusion clause in general liability policy applied even though injured employee could

not make claim under Workers' Disability Compensation Act); Florida Ins.Guar.Ass'n Inc., v.

Revoredo, 698 So.2d 890 (Fl.Ct.App. 1997) (employee exclusion provision applied even though

contractor failed to obtain workers' compensation coverage for employee of subcontractor).

Tomas Garcia's ability to obtain an insurance-subsidized "remedy" is not determinative of

whether the exclusion applies, as Defendant would suggest.  Resp. at 7.  Courts that have

addressed the issue have held that the exclusion is valid even where the claims would not be

covered by workers' compensation.  See e.g., Meadowbrook, Inc. v. Tower Ins. Co., Inc., 559

N.W.2d 411 (Minn. 1997); Maine State Academy of Hair Design, Inc. v. Commercial Union Ins.

Co., 699 A.2d 1153 (Me., 1997); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Kasler Corp.,

906 F.2d 196 (5th Cir. 1990) (insurer not obligated to defend insured because genesis of action was

employee's work-related injury and exclusion was not limited to workers' compensation claims).

Tomas Garcia still has a "remedy" at law by suing Defendant.  What is at issue here is whether

Bachicha can be indemnified by his insurance carrier should Garcia prevail in pursuing this remedy.

Contrary to Defendant's position, the efficacy of the employee exclusions in the policy does

not depend solely on Bachicha's obligation to provide workers' compensation insurance.

Bachicha was not precluded from obtaining workers' compensation insurance (although not

required to by law) or from buying a policy which did not exclude employee coverage (although

perhaps at a higher premium than the one Bachicha purchased from John Deere).[4]  In Truck Ins.

_____

[4]  See Truck Ins. Exchange, 839 S.W.2d at 23 (distinguishing a general or public liability policy from an employers' liability policy which is designed to protect the employer from common law liability for an employee's injury or death while engaged in his employment); cmp.,

Exchange, the court made a small but logical leap which cuts directly against Defendant's argument

here that the policy's employee exclusion is applicable only in cases of actual workers

compensation coverage.  The policy exclusion would be redundant if this were so, for the injury

would be excluded under the workers compensation exclusion. Id. at 23; see N.M.Stat.Ann. 1978 ,

§ 52-1-6 (exclusivity of Workers' Compensation Act as remedy for personal injury to employee).

## II. Public Policy

Defendant next argues that even if the employee exclusion applies, it violates New Mexico

public policy.  Specifically, Defendant points to the New Mexico Motor Carriers Act,

N.M.Stat.Ann. 1978, § 65-2-110 ("Motor Carriers Act" or "Act") which he contends requires the

John Deere policy to pay losses and damage in a suit by an employee.  Defendant then looks to

"Form F" in the policy to conclude that the policy was amended to comply with the statute so that

it must cover work-related injuries for employees.

However,  Defendant's conclusion is flawed because it is based on two faulty assumptions,

both of which must be true for the conclusion to be correct: first, that the protection envisioned by

the Motor Carrier Act statute addresses coverage for employees' work-related injuries, and second,

that Form F amends the policy to invalidate the exclusions.  I examine both of these assumptions in

turn.

A.  New Mexico Motor Carrier Act

The Motor Carriers Act requires motor carriers to file with the State Corporation

---

Commissioners of State Ins. Fund v. Insurance Co. of North America, 607 N.E.2d 795 (N.Y.1992)
(general liability insurer was entitled to summary judgment in declaratory judgment action brought
by company that insured contractor under combined workers' compensation and employer's liability
policy).

Commission (the "Commission") proof of insurance that would pay "all losses and damage" resulting from the "negligent operation, maintenance or use of motor vehicles." § 65-2-110(C). Under the Act, insurance coverage through a carrier is not mandated; motor carriers may elect to bear potential liability directly by carrying their own insurance. § 65-2-110(E).

Defendant's reading of the statute has no basis in standard rules of construction. Defendant poses the following syllogism: because New Mexico's financial responsibility statutes do not require a motor vehicle policy to cover liability for bodily injury to employees, and because the workers' compensation act exempts employers with three or fewer employees, the "broad purposes" of the Motor Carrier Act therefore require coverage for employees' personal injury claims. He then argues for a presumption that because the language of the Act does not specifically exclude from liability coverage the claims of an employee, the Legislature must have intended for the John Deere policy to provide indemnification to Bachicha for Tomas Garcia's claims. Under this theory, a reading of the statute would lead to the absurd result that the Act includes virtually *any* category of liability excluded by omission.

While § 65-2-110(C) of the Act requires coverage for "all losses and damage," as Plaintiff notes, it is entitled "*Public* Liability and Property Damage." (emphasis added). Also, language contained in the "policy" portion of the Motor Carrier Act states that the objective behind the enactment of the statute was to provide regulation for the development of a "safe, sound, adequate, economical and efficient intrastate carrier system that is vital to the *public interest of New Mexico*." N.M.Stat.Ann. 1978, § 65-2-81 (emphasis added). Section 65-2-110(E)(5) requires the Commission, when reviewing applications for self-insurance, to consider "all other factors necessary for the protection of passengers, shippers and the public." The fact that these groups are

separately and expressly included in § 65-2-110(E)(5) obviously acknowledges the particular

relationships these specific groups share with a motor carrier.  Motor carrier employers and their

employees, however, share a relationship which is decidedly different from those of the other

categories enumerated in the statute.  In this context, then, "employees" cannot be understood to

be part of the general public.  See State v. Yarborough, 122 N.M. 596, 599 (1996) (court looks

beyond the literal word of the statute to the common-law concept most likely intended by the

legislature to be embodied in the statute) (citing Gilbert v. United States, 370 U.S. 650, 655

(1962)).

   If the term "public" was intended to be so broad as to include employee claims, then

separate inclusions for "shippers" and "passengers" would have been unnecessary.  Board of

County Commissioners of Cibola County v. Bd. of Cty. Comm'ners of Valencia Cty,105 N.M. 44,

46 (1986) (statutes must be construed so that no part of the statute is rendered surplusage or

superfluous).  The omission was therefore intentional.  Yarborough, 122 N.M. 596 (asserting that

where the statutory manner of operation is designated, there is an inference that all omissions

should be understood as exclusions).  It is not for the Court to add words to a statute where it

makes sense as written.  State v. Lucero, 114 N.M. 460, 462 (Ct.App. 1992).

   Defendant's reading of the statute as a "catch-all" mandate for insurance coverage fails

because the purpose in enacting the statute was to benefit the general public, not employees of

motor carriers for work-related injuries.  The intent of the legislature was to protect certain classes

of people, which clearly does not include employees seeking damages for work-related injury.  In re

Rehabilitation of W. Investors Life Ins. Co., 100 N.M. 370, 373 (1983) (chief aim of statutory

construction is to give effect to the intent of the Legislature).[5]   I find it clear, in reading the statute

as a whole, that work-related personal injury claims by employees of motor carriers were not

envisioned as part of the Act's purpose.  Key et al v. Chrysler Motors Corp., 121 N.M. 764, 769

(1996)(all parts of a statute must be read together to ascertain legislative intent).

　　B.  Form F

Bachicha claims that Form F of the John Deere policy amends the policy so that the

employee exclusions do not apply and coverage is required for Garcia's claims against him.  The

boilerplate-type language in Form F amends the policy "to the extent of the coverage and limits of

liability required" by state motor carrier law or regulations."  Resp., Ex. A.  In light of the above

discussion regarding the Motor Carrier Act and liability coverage for employees, Form F has no

effect on the validity of the employee exclusions in the policy.

Further, this result is consistent with a reading of the policy as a "harmonious whole."  Bank

of New Mexico v. Sholer, 102 N.M. 78, 79 (1984) (every word or phrase in contract must be given

---

[5]  Plaintiff cites to several cases from other states which have rejected the notion that an employee, otherwise uncompensated under workers' compensation, was an "individual" who should benefit under analogous motor carrier or financial responsibility statutes.  See, e.g., Hand v. Canal Ins. Co., 478 S.E.2d 661 (1996) (acknowledging an "unfortunate gap" in coverage, court held that motor carrier statute did not require coverage of an injured employee as an "individual," even though carrier was exempt from North Carolina Financial Responsibility Act and even though federal law did not require carrier to have workers' compensation insurance); Northland Insurance Co. v. Bess, 869 S.W.2d 157 (Mo.App. 1993) (financial responsibility statute specifically permitted "employee exclusion" in commercial automobile policy, and therefore exclusion did not violate public policy, even when employee was not subject to workers' compensation law); State Farm v. North River Ins. Co., 342 S.E.2d 627 (S.C.App. 1986) (employee exclusionary clause in employer's general liability policy was not inconsistent with the exclusions permitted by state's financial responsibility act or with public policy language expressed in act, even though employee could not recover under workers' compensation); see also, White v. Excalibur, 599 F.2d (5th Cir. 1979) (motor carrier statute was designed to protect strangers to motor carrier, not those involved in operations of carrier as if they were its employees, and driver therefore was not member of "public" for whom statute was enacted).

meaning and significance according to its importance in the context of the whole).  A reading of the

policy under Defendant's theory would not only void an exclusion which is clear and express, but it

would add a new category of liability coverage not bargained for.

### CONCLUSION

Defendant is unsuccessful in his attempts to alter the nature of the liability policy he

bargained for.   It is undisputed that Bachicha paid John Deere Insurance Company for a general

liability policy which contains express employee exclusions.  Defendant himself cites to a case for

the proposition that such exclusions are inserted "for the benefit of the employer" to avoid

duplicate expense for coverage.  See Aetna Fire Underwriters Ins. Co. v. Williams, 422 So.2d 7

(Fla.Dist.Ct.App. 1982).  However, that same case goes on to state that the "insurance policy

premium would necessarily be higher" if a policy included coverage for employees.  Bachicha

confuses "benefit" with "windfall."   A provision that was meant to save employers from the

expense of paying twice to get coverage for work-related injuries for employees was certainly not

meant to allow a small group of employers to receive this type of coverage without paying for it

even once, either through workers' compensation *or* through a liability policy.

As discussed above, Defendant's decision not to obtain workers' compensation insurance

has no effect on the validity of the employee exclusions in the John Deere policy. From a public

policy standpoint, the John Deere policy cannot be interpreted to include liability coverage for

personal injury claims by employees.  Cmp., Truck Ins. Exchange, 839 S.W.2d at 23 (finding no

public policy that would invalidate employee exclusion from public liability coverage).  In the

absence of any possible existence of any legal or factual basis for applying the John Deere policy to

Tomas Garcia's personal injury claims pending in state court, I find that Plaintiff is entitled to

summary judgment as a matter of law.[6]  Now, Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [#24-1] is hereby

**granted** and that this cause of action is dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] Tomas Garcia's complaint alleges that he sustained his injuries as Bachicha's employee in the course of employment.  See Pltff's Mem., Ex. A, ¶ 4.  Because the parties do not dispute this material fact which brings the complaint outside a potential coverage issue, Plaintiff has no duty to defend.  See American Employers' Ins. Co. v. Continental Casualty Co., 85 N.M. 346, 347 (1973) (citing general rule applicable to determine whether insurer has duty to defend); Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo, 114 N.M. 695, 697 (1992) (if the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required); see also Forum Ins. Co. v. Allied Security, Inc., 866 F.2d 80, 84 (3rd Cir. 1989) (insurer required to provide defense until it can "confine the claim to a recovery that the policy does not cover").